# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 CR 335-1 | DATE | JAN. 9, 2002 |
| CASE TITLE | UNITED STATES OF AMERICA v. RUBEN PEREZ | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Memorandum Opinion and Order dated January 3, 2002 inadvertently contained an earlier draft of the final version. That order is vacated and a new order is entered consistent with the Memorandum Opinion issued today. Defendant's motion to correct sentence [61] is denied. If defendant wishes to appeal this order, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Fl., Chicago, IL 60604, within ten (10) days of the entry of the judgment in this case.

(11)■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 63 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JAN. 10, 2002 | |
| | | | date mailed notice | |
| cw | courtroom deputy's initials | | mqm | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
        v.                   )    No. 00 CR 335
                             )
RUBEN PEREZ,                 )
                             )
            Defendant.       )

**MEMORANDUM OPINION AND ORDER**

After a jury trial held in late July 2000, defendant Ruben Perez was convicted of violating 8 U.S.C. § 1326(a) by being present in the United States, without the express consent of the Attorney General, after having been deported. On October 25, 2000, defendant was sentenced to 77 months' incarceration to be followed by three years' supervised release. Defendant's conviction was affirmed on direct appeal. See United States v. Perez, 2001 WL 1402442 (7th Cir. Nov. 6, 2001) (unpublished order).

At trial, one of the elements found by the jury was that "defendant was convicted of an aggravated felony prior to his deportation." The instructions further provided: "The term 'aggravated felony,' as used in these instructions, includes the

offense of possession with the intent to distribute cocaine." At the time of sentencing, the applicable guideline provided that defendant's base offense level of 8 should be increased by 16 levels if the conviction was for an aggravated felony. See U.S.S.G. § 2L1.2(A) (1999). That enhancement was applied in determining defendant's sentencing range.

Effective November 1, 2001, Guideline 2L1.2 was amended. The base offense level is still 8, but the enhancement provision now provides in part:

Apply the Greatest:

If the defendant previously was deported, . . . after--

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by **16** levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

(C) a conviction for an aggravated felony, increase by **8** levels; . . . .

U.S.S.G. § 2L1.2(b)(1) (2001).

On December 3, 2001, the court received in the mail two copies of an unsigned motion in defendant's name.[1] The introductory paragraph states:

> The Movant moves this court and now files his motion under the new reentry laws and the division of the circuits to interpret the term "aggravated felony" and the 16 point enhancement in light of APPRENDI V. NEW JERSEY.

The closing "Conclusion" states:

> The Movant Prays this court will correct the 16 point enhancement, and will correct the aggravated felony as this is not an aggravated felony. It is not the crimes that the movant has are aggravated.
> Wherefore, movant prays this court will:
> 1. That the court vacate sentence, and correct the sentence to the 8 points as required by law.

The intervening text is difficult to follow. It jumps about and generally does not relate the legal discussion to defendant's specific situation. One apparent contention of defendant is that the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000),[2] applies to increases in the sentencing guideline range and therefore a jury had to find the facts that resulted in an increase in defendant's guideline range. Defendant's other

---

[1] The court added the case number and titled the document "Motion to Correct Sentence."

[2] Apprendi was decided approximately one month before the beginning of defendant's trial.

- 3 -

contention is that his pertinent prior conviction was not an aggravated felony. Defendant's reference to new reentry laws may be a reference to the 2001 amendment to Guideline 2L1.2. The first two contentions could be construed as being raised in a 28 U.S.C. § 2255 motion to vacate. Otherwise, the issues would be presented in a motion to correct sentence. See Fed. R. Crim. P. 35. See also Fed. R. Crim. P. 36. As to the third contention, 18 U.S.C. § 3582(c)(2) permits such contentions to be raised by motion of the defendant or Bureau of Prisons, or sua sponte by the court. Defendant's contentions fail for a number of reasons.

First, the 2001 amendment to Guideline 2L1.2 does not affect defendant's sentence. Retroactive application of guideline amendments is limited to those specifically listed in Guideline 1B1.10(c). United States v. Lykes, 73 F.3d 140 (7th Cir. 1995); Martinez v. United States, 1998 WL 456538 *2 (N.D. Ill. July 31, 1998); United States v. Cordoba, 1997 WL 12795 *1-2 & n.2 (N.D. Ill. Jan. 10, 1997). Amendment 632, which amended Guideline 2L1.2, is not one of the listed amendments. Therefore, it cannot be retroactively applied to resentence defendant. But, even if it could, it would not affect defendant's sentence. The prior conviction for which defendant was deported was possession with intent to distribute cocaine. He was sentenced to 60 months' incarceration on that prior offense. Since this was a

drug trafficking offense for which the imposed sentence exceeded 13 months, a 16-level enhancement would apply under the amendment. See U.S.S.G. § 2L1.2(b)(1)(A)(i) (2001). No basis exists for a sentence reduction under § 3582(c)(2) and Guideline 1B1.10.

Defendant's other two contentions fail both on their merits and for procedural reasons. Since these issues could have been raised at sentencing and on direct appeal, defendant would have to show cause and prejudice for raising them on a § 2255 motion. See United States v. Smith, 241 F.3d 546, 548-49 (7th Cir.), cert. denied, 122 S. Ct. 267 (2001); Garrott v. United States, 238 F.3d 903, 905-06 (7th Cir.), cert. denied, 121 S. Ct. 2230 (2001). Although he does not specifically refer to ineffective assistance of counsel, perhaps he could make such a showing if his claims otherwise had merit. The claims, however, do not have merit. A jury need only find facts that affect the statutory maximum, not facts that affect a guideline range which does not exceed the statutory maximum. See United States v. Behrman, 235 F.3d 1049, 1054 (7th Cir. 2000); Hernandez v. United States, 226 F.3d 839, 841-42 (7th Cir. 2000); Martin v. United States, 161 F. Supp. 2d 975, 984 (E.D. Wis. 2001). Moreover, the fact of a prior conviction need not be submitted to the jury even if it affects the statutory maximum. Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Martinez-Garcia,

268 F.3d 460, 463-64 (7th Cir. 2001). In any event, the jury in this case did find that defendant committed an aggravated felony,[3] as did the court at the time of sentencing. No basis exists for modifying defendant's sentence.

Since plaintiff makes no specific reference to § 2255 or ineffective assistance of counsel, the first two contentions will not be construed as an attempt to present a § 2255 motion. Instead, they will be construed as a motion to reduce sentence. On that basis, the contentions fail because this court has no authority to reduce defendant's sentence. This is not a resentencing on remand (Fed. R. Crim. P. 35(a)); a reduction of sentence based on assisting the government (id. 35(b)); an arithmetical, technical, or other clear error corrected within seven days of sentencing (id. 35(c)); nor the correction of a clerical error (id. 36). See United States v. Araujo, 2001 WL 293987 *4 (N.D. Ill. March 27, 2001); United States v. Kolter, 2000 WL 1741900 *2 (N.D. Ill. Nov. 24, 2000).

IT IS THEREFORE ORDERED that defendant's motion to correct sentence is denied. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of

---

[3]If the current version of Guideline 2L1.2 were to be applied, the jury did find there was a drug trafficking offense, but did not find that the prior sentence exceeded 13 months.

Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within ten (10) days of the entry of the judgment in this case.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 9, 2002